IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN FITZGERALD HALL, :
:
    Petitioner :
: CIVIL NO. 1:12-CV-0967
:
v. : Hon. John E. Jones III
:
:
WARDEN MARY SABOL, :
:
    Respondent :

## **MEMORANDUM**

August 21 , 2012

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner John Fitzgerald Hall ("Petitioner" or "Hall"), a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who is being held at the York County Prison in York, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.)  By Order dated May 29, 2012, we directed Respondent to answer the allegations of the Petition within twenty-one (21) days. (Doc. 3.)  Our Order also provided that Hall would be permitted to file a reply brief within fourteen (14) days from the date of filing of a response. (*Id.*)  On June 14, 2012, Respondent filed a Response (Doc. 6) and supporting exhibits (Doc. 6-1).  Although the deadline

for Hall to file a reply has expired, the docket reflects that no reply has been filed. Accordingly, the Petition is fully briefed and ripe for disposition. For the reasons set forth herein, the Petition will be dismissed without prejudice as premature.

**I.    FACTUAL BACKGROUND**

Hall is a citizen and native of Jamaica who was admitted to the United States in 1987 as a lawful permanent resident. (Doc. 1 at 2.[1]) On April 6, 2011, Hall pled guilty in the Court of Common Pleas of Lehigh County, Pennsylvania, to possession with intent to deliver a controlled substance (*i.e.*, 7.7 pounds of marijuana), a felony in violation of 35 Pa. Cons. Stat. § 780-113. (Doc. 6-1 at 3, Ex. 1.) Hall was sentenced to one (1) year probation for this offense. (*Id.*)

On April 12, 2011, the Department of Homeland Security ("DHS") served Hall with a Notice to Appear, charging him as removable under 8 U.S.C. §1227(a)(2)(B)(i) for having been convicted of a crime relating to a controlled substance. (*Id.* at 3, 5.) Subsequently, on September 15, 2011, the DHS filed an additional charge of removability against Hall, alleging that he also was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as a result of his conviction for an aggravated felony (drug trafficking). (*Id.* at 6, Ex. 2.) During Hall's removal proceedings, the immigration

---

[1] Throughout this Memorandum, citations to page numbers of documents filed to the docket in this action are to the numbers generated by the CM/ECF System.

judge granted Hall several continuances to allow him to pursue post-conviction relief. (*Id.* at 7-9, Ex. 3.) However, the immigration judge ultimately determined that the amount of marijuana at issue, which Hall did not dispute, foreclosed any contention that Hall's conviction did not constitute an aggravated felony, and therefore concluded that no further continuances were warranted, and ordered Hall removed to Jamaica. (*Id.* at 8.)

Hall appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). (*Id.* at 10-12, Ex. 4.) On March 7, 2012, the BIA dismissed Hall's appeal. (*Id.* at 12.)

On March 26, 2012, Hall filed a petition for review, as well as a motion for a stay of removal, with the United States Court of Appeals for the Third Circuit. (*Hall v. Attorney General of the United States*, C.A. No. 12-1807.[2]) By Order dated May 10, 2012, the Third Circuit denied Hall's motion for a stay because he had failed to satisfy the standard for obtaining a stay; specifically, the Court determined that he had failed to demonstrate a likelihood of success on the merits of the petition for review. (Doc. 6-1 at 14, Ex. 5 (citing *Nken v. Holder*, 129 S. Ct. 1749, 1756 (2009).)

Hall filed the instant Petition on May 23, 2012. (Doc. 1.) Two days later, on

---

[2]*See* United States Court of Appeals for the Third Circuit, Docket # 12-1807, available through the Public Access to Court Electronic Records ("PACER") System at http://www.pacer.gov.

May 25, 2012, the DHS performed a custody review for Hall. (Doc. 6-1 at 15, Ex. 6.) Following that review, the DHS issued a Decision to Continue Detention notifying Hall that DHS would continue his custody beyond the initial 90-day period. (*Id.*) The Decision states as follows:

> Due to your recent conviction for Possession with Intent to Deliver a Controlled Substance, ICE believes you are a potential danger to the community. ICE has also been in contact with the Consulate of Jamaica and believes that a travel document will be issued in your case in the near future.
>
> Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are cooperating with the ICE's efforts to remove you by taking whatever actions the ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

(*Id.*) The Decision also advises Hall that if he has not been released or removed from the United States by September 3, 2012, jurisdiction of the custody decision in his case will be transferred to the Case Management Unit ("HQCMU")[3]. (*Id.*)

---

[3]The HQCMU is on the same administrative level and performs the same custody reviews as the Headquarters Post Order Detention Unit ("HQPDU"). *See Tung Thanh Hoang v. Decker*, Civil No. 3:CV-08-1748, 2008 WL 4793734, *3 (M.D. Pa. Oct. 31, 2008) (Vanaskie, J.).

## II.   DISCUSSION

Preliminarily, we observe that, in his Petition, Hall misidentifies the statutory authority for his detention.  He alleges that his detention is "unconstitutional and unreasonably prolonged" under 8 U.S.C. § 1226(c) and cites case law relating to the interpretation of that statute.  (*See* Doc. 1 at 3-5.)  Title 8 U.S.C. § 1226(c) requires mandatory detention of criminal aliens during the pendency of removal proceedings.  However, an immigration judge has ordered Hall's removal from the United States, and the BIA dismissed Hall's appeal from that order on March 7, 2012.  "An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."  8 C.F.R. § 1241.1(a); *see also Leslie v. U.S. Att'y Gen.,* 363 Fed. Appx. 955, 957 (3d Cir. 2010) (unpublished).  The detention, removal, and release of aliens subject to an administratively final removal order of removal is governed by the provisions of 8 U.S.C. § 1231(a), which states, in pertinent part, as follows:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). In the instant case, the BIA dismissed Hall's appeal on March 7, 2012, and thus, his removal order became administratively final, and his detention under the provisions of 8 U.S.C. § 1231(a), commenced on that date. *See* 8 U.S.C. 1231(a)(1)(B)(i).[4] We therefore shall consider Hall's challenge to his detention under the provisions of 8 U.S.C. § 1231(a).

Title 8 U.S.C. § 1231(a) directs the Attorney General to remove aliens within ninety (90) days of the entry of a removal order. 8 U.S.C. § 1231(a)(1)(A). The statute then commands that "[d]uring the removal period, the Attorney General shall detain the alien", 8 U.S.C. § 1231(a)(2), and with respect to criminal recidivist aliens like Hall, specifically provides that, "[u]nder no circumstance during the removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2) . . . of this title." 8 U.S.C. § 1231(a)(2). For purposes of our analysis of any post-final order period of detention, this statutory ninety (90) day "removal period", during which detention is mandatory, begins on the date the order of removal becomes administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

At the end of the ninety (90) day period, ICE may continue to hold the alien, or

---

[4] We note that, even though Hall filed a petition for review with the Third Circuit on March 26, 2012 that remains pending, because that Court denied his motion to stay his removal, Hall is not subject to 8 U.S.C. § 1231(a)(1)(B)(ii), which would provide that, if a stay had been granted, his removal period would not commence until the Third Circuit's order disposing of his petition for review becomes final.

it may grant supervised release. 8 U.S.C. §§ 1231(a)(3) & (6). The discretion to detain an alien under § 1231(a) is limited by the Fifth Amendment's Due Process clause. *See Zadvydas,* 533 U.S. at 693-94. In *Zadvydas,* the United States Supreme Court interpreted § 1231(a)(6) to include "an implicit limitation" on detention. *Id.* at 689. The Court determined that "[§ 1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* "[F]or the sake of uniform administration in the federal courts" the Court recognized six (6) months as a presumptively reasonable period of detention. *Id.* at 701.

After *Zadvydas,* ICE enacted new regulations requiring DHS to conduct a custody review for detained aliens prior to the expiration of the ninety day removal period. *See* 8 C.F.R. § 241.4(k)(1)(i). If the district director denies release upon that review, he or she may retain responsibility for custody determinations for up to three months (i.e., until the six month presumptively reasonable period established in *Zadvydas* expires), or refer the alien to the HQPDU for further custody review.

In the instant case, Hall's order of removal became administratively final on March 7, 2012, the date the BIA dismissed his appeal. Thus, the ninety (90) day presumptive period of detention began to run on that date. 8 U.S.C.

§ 1231(a)(1)(B)(i).  Accordingly, at the time he filed the instant Petition on May 23, 2012, Hall was still within the statutory ninety-day removal period, which expired on June 5, 2012.  He also was well within the six-month presumptively reasonable period of detention, which will not expire until September 2012.  Thus, any challenge by Hall to his detention under *Zadvydas* is premature.  Moreover, we also would observe that it is apparent from the record that Hall received the custody review that is required by 8 C.F.R. § 241.4(k)(1)(i) prior to the expiration of the ninety day removal period, and that he promptly received a Decision to Continue Detention.  (*See* Doc. 6-1 at 15, Ex. 6.)  Based on the foregoing, we shall dismiss the Petition without prejudice as premature.  An appropriate Order will enter on today's date.